PEOPLE ex rel. JACQUES v. FLAHERTY, Sheriff.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

THEATERS AND SHOWS—OFFENSES BY MANAGERS—CONSTRUCTION OF STATUTE.

    A ticket taker at a theater is not a person who manages the theater in part within Pen. Code, § 290, declaring a person who permits to remain in any theater owned, kept, or managed by him in whole or in part any child under the age of 16 years, unless accompanied by its parent, guilty of a misdemeanor.

Appeal from Special Term, Kings County.

Writs of habeas corpus and certiorari by the people, on the relation of John Jacques, against Michael J. Flaherty, sheriff. From an order discharging relator (105 N. Y. Supp. 387), the sheriff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and GAYNOR, JJ.

Peter P. Smith, for appellant.
Meier Steinbrink, for respondent.

RICH, J. This is an appeal from an order of the Special Term made upon the return of writs of habeas corpus and certiorari declaring the relator unlawfully restrained of his liberty and ordering his discharge. Relator was a taker of tickets at the main door of the Imperial Theater in Brooklyn. On the evening of March 22, 1907, he received tickets from two boys, aged 14 and 15 years, respectively, not accompanied by parent or guardian, and admitted them to the theater. For this act he was arrested, and upon examination before a magistrate held for the action of the Court of Special Sessions pursuant to the provisions of section 208 of the Code of Criminal Procedure. Writs of certiorari and habeas corpus were subsequently issued, upon the return of which he was discharged.

The said section 290 of the Penal Code, under which the prosecution was had, provides:

"A person who permits or allows to remain in any * * * theater * * * owned, kept or managed by him in whole or in part, any child actually or apparently under the age of sixteen years, unless accompanied by its parent or guardian * * * is guilty of a misdemeanor."

The serious question presented for our determination is whether the relator was "a person" who "managed" that theater "in part" within the meaning of the statute. We are unable to concur in the argument

that it was the intention of the Legislature to include within the provisions of the act all employés of a theater who were called upon for the exercise of any discretion. The duty of the ticket taker is to admit those persons presenting tickets, and presumably to see to it that none enters without a ticket. The person in the box office passes upon the right of the individual to admission, and the mere ticket taker cannot be held liable criminally for the admission to the theater of a holder of a ticket as manager. He is no more the manager of a theater than is the boy who draws kerosene oil the manager of a department store. Relator contends that one of the boys was preceded by an adult who informed him that they were with him; but that is immaterial in the view we take of the statute. The Legislature might require the ticket taker to pass upon the right of persons to enter the theater, but it has not done so.

The order discharging the relator must be affirmed, with $50 costs and disbursements to the respondent. All concur.